FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 27 PM 1:38

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN RE: ALEXIS N. ROBERTS

B.R. Case No. 05-43073

---

JOHN RANDALL FUTCH,

    Appellant,

v.                     407CV121

ALEXIS N. ROBERTS,

    Appellee.

---

### ORDER

In a bankruptcy appeal docketed under district court case # 406CV243, inmate John Randall Futch challenged a 7/24/06 Bankruptcy Court Order granting Chapter 13 Debtor Alexis N. Roberts's Objection to Futch's $416,964 Proof of Claim against her bankruptcy estate. Roberts created her bankruptcy estate by filing a Chapter 13 petition, *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005), and creditors like Futch are authorized to make claims against that estate in an effort to get paid from it. They thus file a Proof of Claim (POC). "In a Chapter 7 or Chapter 13 case, the [POC] must be filed within 90 days after the first date set for the initial meeting of creditors." NORTON BANKRUPTCY LAW AND PRACTICE 2D § 41:4 (*Time for Filing*) (June 2007).

Futch's POC claim was untimely. Doc. # 10 at 2. Roberts objected to it on that basis, so the bankruptcy court held a hearing (but Futch never appeared because he was in prison), then disallowed his claim as untimely. R.1.[1] On appeal to this Court, Futch unsuccessfully argued that this ruling is erroneous and thus must be reversed. Doc. ## 10, 12.

Futch then (also unsuccessfully) moved for leave to appeal *in forma pauperis* (IFP) to the Eleventh Circuit. Doc. ## 15, 16. That appeal, docketed in that court under # 07-10654-A (the "07-10654-A appeal"), is still pending. Doc. # 20 (8/14/07 11th Cir. Order).

Meanwhile, Roberts successfully moved to dismiss her Chapter 13 proceeding on 6/27/07. 407CV121, R. 1; *see also id.* R. 2 (Order dismissing case). Insisting that the Bankruptcy Court lacked jurisdiction to so act due to the 07-10654-A appeal's pendency, Futch appealed directly to the Eleventh Circuit, thus bypassing this Court. R. 3. He then moved the Bankruptcy Court for leave to proceed *in forma pauperis* (IFP). R. 4.

Noting that: Futch, an inmate litigant, (a) procedurally cannot appeal directly to the Eleventh Circuit; (b) has failed to make an indigency showing as required by 28 U.S.C. § 1915(a); and in any event (c) advances a frivolous appeal given the Debtor's absolute right to dismiss her Chapter 13 case,[2] the Bankruptcy Court denied him IFP. Doc. # 6.

Futch responded with a "Request for Certification for Direct Appeal to the Court of Appeals," contending that the Bankruptcy Court

---

[1] This Court cites the Bankruptcy Court Record as "R. __," and its own "blue-jacket" file Docket Entries as "Doc. __."

[2] *See In re Davis*, 352 B.R. 758, 762 (D.S.C. 2006).

had been divested -- by the prior appeal's pendency -- of jurisdiction to dismiss Roberts's bankruptcy case. He also sought a "Stay of Judgment." Doc. # 7, *as amended*, doc. # 8, *as amended,* doc. # 9. He then (on 8/3/07) amended his Notice of Appeal, doc. # 10, and the record before this Court has no further response from the Bankruptcy Court other than an 8/14/07 Order Transmitting Record On Appeal (Etc.)" to this Court. Doc. # 11.

In that Futch has expressed no interest in appellate litigation before *this* Court, it is fair to conclude that he seeks no appellate review here, but instead rests on his motion -- to the Bankruptcy Court and thus, impliedly, to this Court -- to "certify" his direct appeal to the Eleventh Circuit.

Either a bankruptcy court, a district court or a circuit court can certify a direct appeal in "cutting edge" cases. *In re Wright*, ___ F.3d ___, 2007 WL 1892502 at * 2 (7th Cir. 7/3/07); *Weber v. U.S.*, 484 F.3d 154 (2nd Cir. 2007); *Daimlerchrysler Financial Services Americas, L.L.C. v. Waters*, 2007 WL 2107428 at * 1 (W.D.Va. 7/18/07) (unpublished) ("Because the bankruptcy court's order involves a question of law as to which there is no controlling decision of the United States Court of Appeals for the Fourth Circuit or of the Supreme Court of the United States, this court grants the creditor's motion for certification."); *Simon & Schuster, Inc. v. Advanced Marketing Services Inc.*, 360 B.R. 429, 432-33 (Bkrtcy.D.Del. 2007).

And it has been said that

[t]he Bankruptcy Court is not the final gatekeeper of this direct appeal process. On its face Section 158(d)(2) does not prohibit a party to a properly filed appeal from seeking certification from the Bankruptcy Appellate Panel or the District Court.

*In re Berman*, 2007 WL 43973 at * 2 (Bkrtcy.D.Mass 1/5/07) (unpublished).

But, as the Bankruptcy Court here pointed out, the 2005 legislation allowing that[3] only

---

[3] 28 U.S.C. § 158, as amended in 2005, allows a direct appeal from a bankruptcy court to the court of appeals, bypassing the expense and delay of litigation before a district judge. Section 158(d)(2)(A) provides:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that-
>
>> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>>
>> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>>
>> (iii) an immediate appeal from the judgment, order, or decree may materially advance

applies to bankruptcies filed on or after 10/17/05 and Roberts filed her case on 10/14/05. R. 6 at 2. The legislation is not retroactively applicable. *In re McKinney*, 457 F.3d 623, 624 (7th Cir. 2006) (provision of the Bankruptcy Abuse Prevention and Consumer Protection Act which permits a direct appeal from the bankruptcy court to the Court of Appeals if both courts agree does not apply retroactively to bankruptcy proceedings filed before the effective date of the provision, even though the provision is procedural; "the presumption that a procedural change is to be applied retroactively falls away when the statute making the change specifies that the statute shall not apply to pending cases"), *cited in* BANKRUPTCY LAW MANUAL § 7:15 (5th ed. June 2007); *In re Blumeyer*, 2007 WL 209917 at * 1 (E.D.Mo. 1/24/07) (unpublished).

The Court therefore **DENIES** John Randall Futch's appeal to this Court, if that is what he seeks, or his request for certification of direct appeal to the Eleventh Circuit, if *that* is what he seeks. The Clerk therefore shall **CLOSE** this case file.

This 25 day of August, 2007.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

> the progress of the case or proceeding in which the appeal is taken; and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

*Id.*